UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BISON PAYMENTS LLC § | |
|     PLAINTIFF § | |
| § | |
| v. § | CASE NO. 4:25-CV-04761-E |
| § | |
| ENCLUSION ENERGY LLC, CAMERON § | |
| SMITH, RIVERA ENERGY LLC, & § | |
| BRANDON BELLO § | |
|     DEFENDANTS § | |

BISON PAYMENTS LLC'S OPPOSITION TO RIVERA ENERGY LLC AND
BRANDON BELLO'S MOTION FOR MORE DEFINITE STATEMENT
AND MOTION TO STAY PENDING 12(b)(6) RESOLUTION

BLANK ROME LLP

**David M. Clem**
Texas Bar No. 24050428
david.clem@blankrome.com

**Megan Altobelli**
Texas Bar No. 24107116
megan.altobelli@blankrome.com

200 Crescent Court, Suite 1000
Dallas, Texas 75201
(972) 850-1450 Main
(972) 850-1485 D. Clem Direct

***Counsel for Bison Payments LLC***

TABLE OF CONTENTS

I.   **Court Procedures** .................................................................................................... 1
  A.   Rule 6(A)(3): Short Statement of the Nature & Stage of the Proceeding ......... 1
  B.   Rule 6(A)(4): Statement of the Issues ............................................................ 2
II.  **Summary of the Argument** ................................................................................ 2
III. **Arguments and Authorities** ............................................................................... 3
  A.   Defendants' Motion to Stay Discover Should Be Denied ................................ 3
    1. Defendants fail to establish good cause ........................................................ 3
    2. A 12(b)(6) motion to dismiss for failure to state a claim does not merit a stay of discovery .................................................................................................... 5
  B.   The Court Should Deny Defendants' Rule 12(e) Motion for a More Definite Statement ................................................................................................................ 6
    1. The Rule 12(e) motion is procedurally improper. ........................................... 7
    2. The motion fails on the merits. ...................................................................... 8
    3. Any alleged vagueness or ambiguity can be developed through discovery ... 10
IV.  **Conclusion & Prayer** ......................................................................................... 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*American Airlines, Inc. v. U.S.A. Gateway*,
   Civil Action No. 4:23-cv-00781-O, 2024 WL 264689 (N.D. Tex. Jan. 23, 2024) ..................... 8

*Arista Records LLC v. Greubel*,
   453 F.Supp.2d 961 (N.D. Tex. 2006) ................................................................................... 10

*Bickford v. Boerne Indep. Sch. Dist.*,
   No. 5:15-cv-1146-DAE, 2016 WL 1430063 (W.D. Tex. Apr. 8, 2016) .................................... 5

*Chapman v. Dallas Cnty. Cmty. Coll. Dist.*,
   No. 3:05-CV-1809-G, 2006 WL 3442057 (N.D. Tex. Nov. 29, 2006) ..................................... 8

*Crawford v. Bleeden*,
   Civil Action No. 3:21-CV-2181-X, 2023 WL 2414009 (N.D. Tex. Mar. 8, 2023) ............ 10, 11

*Farrell v. Lease Supervisors, LLC*,
   No. MO: 17-CV-00085-DC, 2017 WL 11207324 (W.D. Tex. Sept. 27, 2017) ..................... 8, 9

*Gillani Consulting, Inc. v. Ferguson Entrs., Inc.*,
   No. 3:07-cv-1488-O, 2008 WL 11425717 (N.D. Tex. Nov. 10, 2008) ..................................... 3

*GoSecure, Inc. v. CrowdStrike, Inc.*,
   Civ. Action No. 1:24-CV-526-DII, 2024 WL 5274526 (W.D. Tex. Sept. 10, 2024) ................. 4

*Griffin v. American Zurich Insurance Co.*,
   Civ. Action No. 3:14-cv-2470-P, 2015 WL 11019132 (N.D. Tex. Mar. 18, 2015) ................... 6

*In re Terra Int'l, Inc.*,
   134 F.3d 302 (5th Cir. 1998) ................................................................................................... 4

*Innovative Digital Equipment, Inc. v. Quantum Technology, Inc.*,
   597 F.Supp. 983 (N.D. Ohio 1984) ....................................................................................... 10

*Johnson v. Ashmor*,
   No. 3:15-CV-2457-K (BF), 2016 WL 8453918 (N.D. Tex. Jan. 22, 2016) .............................. 5

*LeCroy v. Canon, U.S.A., Inc.*,
   No. 1:21-CV-035-H, 2021 WL 5284135 (N.D. Tex. Apr. 7, 2021) .......................................... 5

*Petrus v. Bowen*,
   833 F.2d 581 (5th Cir. 1987) ................................................................................................... 3

*United States v. Garrett*,
   571 F.2d 1323 (5th Cir. 1978) ................................................................................................. 4

*Valenzuela v. Crest-Mex Corp.*,
    No. 16-1129, 2017 WL 2778104 (N.D. Tex. June 26, 2017) ..................................................3

*Varela v. United States*,
    No. H-07-0343, 2012 WL 1936313 (S.D. Tex. May 29, 2012)................................................5

*X-Corp. v. Media Matters for America*,
    Civil Action No. 4:23-cv-01175-O, 2024 WL 1895255 (N.D. Tex. Apr. 26, 2024)..................3

*YETI Coolers, LLC v. Magnum Solace, LLC*,
    No. 1:16-cv-663-RP, 2016 WL 10571903 (W.D. Tex. Oct. 19, 2016) .................................5, 6

*YETI Coolers, LLC v. Walmart Inc.*,
    No. A-17-CV-1145-RP, 2018 WL 5304119 (W.D. Tex. Oct. 25, 2018)...................................7

**Rules**

Fed. R. Civ. P. 12 ..........................................................................................................................7

Fed. R. Civ. P. 12(b).....................................................................................................................7

Fed. R. Civ. P. 12(b)(6) ..........................................................................................................9, 12

Fed. R. Civ. P. 12(e) .................................................................................................7, 8, 10, 11

Fed. R. Civ. P. 12(g) .....................................................................................................................7

Fed. R. Civ. P. 12(g)(2) ............................................................................................................7, 8

Fed. R. Civ. P. 26(c) .....................................................................................................................3

Fed. R. Civ. P. 26(c)(1)..................................................................................................................4

**Other Authorities**

UCC 9-607.....................................................................................................................................9

iii

## I.   COURT PROCEDURES

Bison Payments LLC presents this material in compliance with Rule 6(A) of Judge Ellison's Court Procedures.

### A.   Rule 6(A)(3): Short Statement of the Nature & Stage of the Proceeding

This is a civil suit on commercial debt. Bison filed its original petition on August 13, 2025. Rivera Energy and Mr. Bello removed to this Court on October 13, 2025 under diversity jurisdiction. Rivera Energy and Mr. Bello (together, the "Defendants") moved to dismiss the claims against them under Rule 12(b)(6). Bison responded to the motion to dismiss on November 13 and Defendants replied on November 21. The motion to dismiss is currently pending before the Court.

The remaining defendants, Enclusion Energy and Mr. Smith failed to appear. On November 12, Mr. Smith filed for Chapter 11 bankruptcy. In response, Bison dismissed Mr. Smith from this suit without prejudice. On January 22, 2026 Bison filed a Request for Clerk's Entry of Default against Enclusion Energy and the Clerk entered default that same day.

On February 5, Defendants filed "FCRP 21 Motion to Sever & FCRP 12(e) Motion for More Definite Statement & Motion to Stay Pending 12(b)(6) Resolution." Bison does not oppose Defendants' request to sever—which is the only portion of the motion that Defendants conferred upon before filing their motion. Bison opposes the motion to stay and the motion for more definite statement.

### B. Rule 6(A)(4): Statement of the Issues

The Court must decide: (1) whether Defendants failed to carry their burden to establish good cause to stay discovery by offering only conclusory statements without supporting law or facts, and (2) whether Defendants' Rule 12(e) motion is procedurally improper because they previously filed a Rule 12(b)(6) motion that did not raise the definite statement argument.

## II.   SUMMARY OF THE ARGUMENT

Bison does not oppose Defendants' request for severance.

Bison opposes Defendants' motion to stay discovery and motion for a more definite statement (the "Motion"). Although Defendants' certificate of conference represents counsel conferred with Bison's counsel about the Motion, that is inaccurate—Defendants conferred only on severance. Still, the Motion lacks merit and should be denied.

**First**, Defendants' request to stay discovery pending resolution of their motion to dismiss should be denied because they fail to establish good cause. Defendants do not attempt to justify the extraordinary relief. Of the seven-page Motion, only a single conclusory statement—appearing in their prayer for relief—addresses the requested stay. Defendants offer no supporting legal authority or factual basis to support a stay.

**Second**, Defendants' Rule 12(e) motion for a more definite statement is procedurally improper. Arguments to support a more definite statement could have been raised when Defendants filed their 12(b)(6) motion nearly three months ago. Rule 12(g)(2) bars the later motion for more definite statement. Further, Defendants'

detailed briefing of Bison's claims in their motion to dismiss undermines the current argument that the claims are so vague that they cannot respond.

### III. ARGUMENTS AND AUTHORITIES

### A. Defendants' Motion to Stay Discover Should Be Denied

Defendants ask the Court to take the "extraordinary step" to stay discovery pending resolution to their Rule 12(b)(6) motion. To justify a stay, Defendants state only that good cause exists. They offer no legal authority or factual basis for the stay of discovery.

#### *1. Defendants fail to establish good cause*

Federal district courts possess the inherent power to control proceedings in their courts, which includes discretion to regulate discovery.[1] "Despite this discretion, a stay should not be automatically granted."[2] That is because a stay of discovery is an "extraordinary step."[3] "If the Federal Rules of Civil Procedure contemplated that pending motions to dismiss would stay discovery, they would contain a provision to that effect."[4] "Because no such provision exists, courts should only exercise discretion to stay discovery for good cause shown."[5]

---

[1] *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

[2] *X-Corp. v. Media Matters for America*, Civil Action No. 4:23-cv-01175-O, 2024 WL 1895255, at *1 (N.D. Tex. Apr. 26, 2024) (citing *Gillani Consulting, Inc. v. Ferguson Entrs., Inc.*, No. 3:07-cv-1488-O, 2008 WL 11425717, at *1 (N.D. Tex. Nov. 10, 2008)); *see also Valenzuela v. Crest-Mex Corp.*, No. 16-1129, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017) ("[A] stay is not automatically granted whenever a motion to dismiss is pending.").

[3] *Valenzuela*, 2017 WL 2778104, at *5.

[4] *X-Corp.*, 2024 WL 1895255, at *1.

[5] *Id.* (citing FED. R. CIV. P. 26(c)).

3

Defendants have the burden of establishing good cause sufficient to warrant a stay.[6] This burden requires Defendants to demonstrate the necessity to stay discovery which "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[7] The particular and specific demonstration of fact to support a stay of discovery should include: (1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay."[8]

Courts routinely deny motions to stay discovery when the movant fails to provide specific facts supporting good cause. For example, in *GoSecure, Inc. v. CrowdStrike, Inc.*, the court denied a motion to stay discovery when the defendant failed to provide details as to why discovery would be unduly burdensome that the court should stay discovery while its motion to dismiss is pending.[9] The court noted that "[a]bsent such details, the Court finds no reason to justify a rare departure from this Court's usual reluctance to grant such a stay."[10] Similarly, in *LeCroy v. Canon*, the court denied a motion to stay discovery when the defendant failed to identify why

---

[6] FED. R. CIV. P. 26(c)(1); *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

[7] *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326, n.3 (5th Cir. 1978)).

[8] *Id.*

[9] *GoSecure, Inc. v. CrowdStrike, Inc.*, Civ. Action No. 1:24-CV-526-DII, 2024 WL 5274526, at *1 (W.D. Tex. Sept. 10, 2024).

[10] *Id.*

discovery would be particularly burdensome and merely requested a stay of discovery pending resolution of its motion to dismiss.[11]

Here, Defendants merely request a stay pending resolution of their 12(b)(6) motion in the "Requested Relief" section of their Motion.[12] Defendants make no effort to provide any particular and specific demonstration of fact showing the Court a stay of discovery is warranted as a result of the breadth of discovery sought, why discovery would be unduly burdensome or the strength of their Rule 12(b)(6) motion to dismiss. Defendants single conclusory statement cannot establish good cause.[13]

### 2. *A 12(b)(6) motion to dismiss for failure to state a claim does not merit a stay of discovery*

Courts generally grant requests to stay discovery pending the resolution of motions to dismiss only when defendants challenge the court's subject matter jurisdiction with a Rule 12(b)(1) motion[14] and when a defendant asserts, at the Rule 12 stage, that it is entitled to immunity from the suit.[15] This is because challenging

---

[11] *LeCroy v. Canon, U.S.A., Inc.*, No. 1:21-CV-035-H, 2021 WL 5284135, at *1 (N.D. Tex. Apr. 7, 2021).

[12] Motion [Doc. 15] ¶ 23.

[13] *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-cv-663-RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016).

[14] *Id.*; *see e.g., Johnson v. Ashmor*, No. 3:15-CV-2457-K (BF), 2016 WL 8453918, at *1 (N.D. Tex. Jan. 22, 2016) (collecting cases); *Varela v. United States*, No. H-07-0343, 2012 WL 1936313, at *12 (S.D. Tex. May 29, 2012) ("Questions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case.").

[15] *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-cv-1146-DAE, 2016 WL 1430063, at *1-2 (W.D. Tex. Apr. 8, 2016).

5

jurisdiction or asserting immunity raises a serious legal question or factual deficiency that has a reasonable likelihood of resulting in dismissal of the case.[16]

For example, in *Griffin v. American Zurich Insurance Co.*, the court denied a motion to stay discovery because the defendants did not raise any jurisdictional or immunity arguments in their motion to dismiss and only asserted failure to state a claim.[17] The court noted that courts often afford plaintiffs an opportunity to replead to cure pleading deficiencies before the case is dismissed.[18] As a result, a pending motion to dismiss on those grounds to not justify a stay of discovery.[19]

This is the same case here. Defendants' pending Rule 12(b)(6) motion does not raise jurisdictional or immunity defenses. It is an ordinary failure to state a claim motion. Like in *Griffin*, a pending motion to dismiss for failure to state a claim does not justify a stay of discovery. Accordingly, the Court should deny Defendants' motion to stay discovery and let the parties proceed with discovery.

### B.    The Court Should Deny Defendants' Rule 12(e) Motion for a More Definite Statement

Defendants have fully briefed their Rule 12(b)(6) motion, with a detailed analysis of Bison's claims. Nearly three months later, Defendants assert that Bison's claims are so vague and ambiguous that a response cannot be reasonably prepared.[20]

---

[16] *YETI Coolers, LLC*, 2016 WL 10571903, at *2.

[17] *Griffin v. American Zurich Insurance Co.*, Civ. Action No. 3:14-cv-2470-P, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015).

[18] *Id.*

[19] *Id.*

[20] Motion [Doc. 15] ¶ 20.

6

Nothing has changed between the time Defendants filed their 12(b)(6) motion and now. Bison has not amended its complaint. Enclusion Energy and Mr. Smith have been absent. Nothing prevented Defendants from raising their Rule 12(e) arguments three months ago when they filed their 12(b)(6) motion. They chose not to raise those arguments.

### 1.  *The Rule 12(e) motion is procedurally improper.*

Federal Rule of Civil Procedure 12(e) requires that a motion for a more definite statement be made before the movant has served a responsive pleading.[21] Rule 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."[22] Accordingly, if a defendant files a Rule 12(b) motion, he "is bound by the consolidation principal in Rule 12(g), which contemplates a single pre-answer motion which the defendant asserts all the Rule 12 defenses and objections available to him."[23]

Here, Defendants assert the pleading is "so vague and ambiguous that a response cannot be reasonably prepared" because they are required to "guess which allegations apply to it and which depend on the conduct of absent or immune parties."[24] But they could have raised this argument at the time Defendants filed

---

[21] FED. R. CIV. P. 12(e).

[22] FED. R. CIV. P. 12(g)(2).

[23] *YETI Coolers, LLC v. Walmart Inc.*, No. A-17-CV-1145-RP, 2018 WL 5304119 (W.D. Tex. Oct. 25, 2018).

[24] Motion [Doc. 15] ¶ 15.

their 12(b)(6) motion nearly three months ago. When Defendants filed their 12(b)(6) motion, neither Enclusion Energy nor Mr. Smith answered or otherwise appeared in this lawsuit. Any vagueness or ambiguity based on the conduct of Enclusion Energy or Mr. Smith was known at the time Defendants filed their 12(b)(6) motion. Defendants chose not to raise those issues. As a result, Rule 12(g)(2) bars Defendants Rule 12(e) motion.

### 2. *The motion fails on the merits.*

When a party moves for a more definite statement under Rule 12(e), the court is granted discretion to determine whether the complaint is so vague that the moving party cannot reasonably be required to frame a responsive pleading.[25] "And they are granted only for the narrow purpose of remedying a wholly unintelligible pleading, rather than adding more detail to an otherwise intelligible one."[26] When a defendant has already filed a responsive pleading, defendants cannot show the pleading was vague and ambiguous that it cannot reasonably prepare a response.[27] For example, in *Farrell v. Lease Supervisors, LLC*, the court denied a Rule 12(e) motion when the defendant already filed a responsive pleading.[28] The court concluded that "[c]learly,

---

[25] *Chapman v. Dallas Cnty. Cmty. Coll. Dist.*, No. 3:05-CV-1809-G, 2006 WL 3442057, at *4 (N.D. Tex. Nov. 29, 2006).

[26] *American Airlines, Inc. v. U.S.A. Gateway*, Civil Action No. 4:23-cv-00781-O, 2024 WL 264689, at *4 (N.D. Tex. Jan. 23, 2024).

[27] *Farrell v. Lease Supervisors, LLC*, No. MO: 17-CV-00085-DC, 2017 WL 11207324, at *3 (W.D. Tex. Sept. 27, 2017).

[28] *Id.*

8

the Complaint is not so vague or ambiguous as to inhibit Defendant from reasonably preparing a response."[29]

This is the same situation. Defendants Rule 12(b)(6) motion to dismiss proves the complaint is not so vague or ambiguous that Defendants cannot reasonably prepare a response. Defendants responded in great detail to each of Bison's claims. As to the UCC 9-607 claim, Defendants asserted Rivera Energy's debt was discharged before Bison authenticated notice, that payment was made to Enclusion in Janurary 2025, and that Bison's notice came in February 2025.[30] Defendants further elaborated in their reply at length on the notice requirements, asserted general knowledge is insufficient, and contended no obligation existed at the time of notice.[31] As to the conspiracy claim, Defendants provided a detailed analysis on each element of this claim.[32] Same for the unjust enrichment claim. Defendants go into detail that Bison failed to provide the necessary elements of the unjust enrichment claim and again asserts an express contract bars the claim.[33]

Defendants' detailed, element-by-element arguments in their motion to dismiss defeats Defendants current claim that they "cannot reasonably prepare a response." Defendants cannot file a comprehensive motion to dismiss addressing each and every element of the claims and then simultaneously maintain that the complaint

---

[29] *Id.*

[30] Motion to Dismiss [Doc. 4] ¶ 12.

[31] Reply ISO Motion to Dismiss [Doc. 9] ¶ 5-16.

[32] Motion to Dismiss [Doc. 4] ¶ 8-10.

[33] Reply ISO Motion to Dismiss [Doc. 9] ¶ 28-34.

is too vague to understand.[34] Defendants' Rule 12(e) motion is, at its core, an attempt to obtain a second bite at the apple after their motion to dismiss has been fully briefed.

### 3. Any alleged vagueness or ambiguity can be developed through discovery

Where the defendant merely complains of a vague or ambiguous matter that is curable through clarification and development during discovery—rather than impedes upon its ability to respond to the plaintiff's complaint—an order directing the plaintiff to state its claim more definitely is unwarranted.[35]

This point is illustrated in *Crawford v. Bleeden* where a defendant filed a Rule 12(e) motion because plaintiff's complaint was vague and ambiguous defendant could not respond to the fraud and unjust enrichment claims.[36] In that case, defendants argued the need more for more definite statement because it needed to know which of the defendants were responsible for the acts referenced in the complaint as well each of the defendants involvement in the fraud and facts surrounding the involvement of each defendant.[37] The court denied the motion because this information falls squarely within the scope of discovery.[38]

---

[34] *Innovative Digital Equipment, Inc. v. Quantum Technology, Inc.*, 597 F.Supp. 983, 987 (N.D. Ohio 1984) (denying a defendants motion for a more definite statement when the defendant filed a motion to dismiss because defendants were able to discern enough from plaintiff's complaint to assert that no legal claim was stated therein.).

[35] *Arista Records LLC v. Greubel*, 453 F.Supp.2d 961, 972 (N.D. Tex. 2006).

[36] *Crawford v. Bleeden*, Civil Action No. 3:21-CV-2181-X, 2023 WL 2414009, at *8 (N.D. Tex. Mar. 8, 2023)

[37] *Id.*

[38] *Id.*

10

Here, Defendants claim they cannot respond to Bison's conspiracy claim because Bison provides no factual basis distinguishing (i) which defendant allegedly made misrepresentations, (ii) which defendant alleged relied upon or benefited from such representations, or (iii) what over acts are attributed specifically to Mr. Bello and Rivera Energy as opposed to Mr. Smith and Enclusion.[39] Likewise, Defendants assert they cannot respond to Bison's unjust enrichment claim because the claim requires an examination of (i) the legitimacy of Mr. Smith and Enclusion's entitlement to the payments; (ii) the contractual and statutory framework governing Mr. Smith and Enclusion receipt of funds; and (iii) whether any inequity arose from Mr. Smith and Enclusion's conduct rather than Mr. Bello and Rivera Energy.[40]

Like the court found in *Crawford*, each of these complaints fall squarely within the scope of discovery. This type of detail can developed through depositions, interrogatories and requests for production. Mr. Smith's bankruptcy and Enclusion's default changes nothing. Defendants themselves possess much of the responsive information, and nothing prevents Defendants from issuing nonparty subpoenas to Enclusion to obtain more. Therefore, the court should deny Defendants' Rule 12(e) motion.

### IV. CONCLUSION & PRAYER

Defendants fail to meet their burden establishing good cause to warrant a stay of discovery pending their Rule 12(b)(6) motion and are procedurally barred from

---

[39] Motion [Doc. 15] ¶ 15.

[40] *Id.* ¶ 17.

11

bringing a motion for a more definite statement. For these reasons, Bison asks that the Court deny Defendants' motion.

Respectfully submitted,

By: s/ Megan A. Altobelli
    **David M. Clem**
    Texas Bar No. 24050428
    david.clem@blankrome.com

    **Megan Altobelli**
    Texas Bar No. 24107116
    megan.altobelli@blankrome.com

**BLANK ROME LLP**
200 Crescent Court, Suite 1000
Dallas, Texas 75201
(972) 850-1450 Main
(972) 850-1467 M. Altobelli Direct

***Counsel for Bison Payments LLC***

### Certificate of Service

I certify that my office served this document to all counsel of record on February 26, 2026.

By: s/ Megan A. Altobelli
    **Megan A. Altobelli**